**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

AUSTIN FRAYER,
#Y19383,

Plaintiff,

    vs.

SHAWNEE CORRECTIONAL
CENTER,

Defendant.                                      Case No. 17–cv–00881–DRH

<u>**MEMORANDUM AND ORDER**</u>

**HERNDON, District Judge:**

    Plaintiff Austin Frayer, an inmate who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff alleges that Shawnee officials failed to protect him from an attack by his cellmate on July 14, 2017. (Doc. 1, pp. 5-7). When Plaintiff defended himself, he was issued a disciplinary ticket for fighting. *Id.* He now seeks expungement of the ticket and monetary damages. (Doc. 1, p. 8).

    The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint does not survive screening and shall be dismissed.

## Complaint

In the Complaint, Plaintiff alleges that he was involved in a physical altercation with his cellmate on July 14, 2017. (Doc. 1, p. 7). He asked Shawnee staff members, including mental health professionals and officers, to move him to another cell after his cellmate told Plaintiff to "leave the cell and not come back." *Id*. Officials ignored Plaintiff's request. *Id*. He was subsequently attacked. *Id*. Plaintiff defended himself and received a disciplinary ticket for fighting. *Id*. He pleaded guilty to the rule violation and was punished with one month of C-grade

and segregation. (Doc. 1, pp. 5-7). He now seeks expungement of the ticket and monetary relief. (Doc. 1, p. 8).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint (Doc. 1) into the following counts:

**Count 1 -** Eighth Amendment claim against Defendant for failing to protect Plaintiff from an assault by his cellmate on July 14, 2017.

**Count 2 -** Fourteenth Amendment claim against Defendant for depriving Plaintiff of a liberty interest without due process of law when issuing him a disciplinary ticket for fighting on July 14, 2017, and punishing him with one month of C-grade and segregation.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding the merits of the claims.

## Party Subject to Dismissal

Plaintiff cannot maintain his § 1983 suit against Shawnee Correctional Center ("Shawnee"). The prison is not considered a "person" under § 1983. *See* 42 U.S.C. § 1983. Shawnee is a division of the Illinois Department of Corrections, a state agency that is immune from suit for money damages by virtue of the Eleventh Amendment. *See Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money

damages).  Accordingly, Shawnee shall be dismissed from this action with prejudice.

## Claims Subject to Dismissal

### Count 1

The Eighth Amendment failure-to-protect claim in Count 1 shall also be dismissed.  Prison officials have a duty to protect inmates from violence at the hands of other inmates.  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006).  A claim based on the failure to protect an inmate consists of an objective and a subjective component.  *Farmer*, 511 U.S. at 834; *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015).  The objective component requires the plaintiff to demonstrate that he was "incarcerated under conditions posing a substantial risk of serious harm."  *Farmer*, 511 U.S. at 834.  The subjective component requires the plaintiff to demonstrate that the defendant acted with deliberate indifference to his health or safety.  *Id.* at 834.

The Complaint does not satisfy either element of this claim.  Although Plaintiff allegedly told officials that his cellmate threatened him, he named none of these officials as defendants.  It is also unclear when he relayed this information to any of them, what he told each official, or how each official responded.  The Court is unable to assess the objective seriousness of the harm or the deliberate indifference of any particular official.  Count 1 shall be dismissed without prejudice.

**Count 2**

The Complaint supports no colorable Fourteenth Amendment due process claim in Count 2, based on Plaintiff's receipt of a disciplinary ticket for fighting on July 14, 2017. Even allegations of a false ticket will not support a claim, if due process is afforded. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984); *Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994), aff'd 70 F.3d 117 (7th Cir. 1995). This is because due process safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses.

The Supreme Court has identified the following protections afforded to an inmate facing a disciplinary hearing: (1) advance written notice of the charges against him; (2) an opportunity to appear in person before an impartial hearing body to contest the charges; (3) an opportunity to call witnesses and present documentary evidence in his defense (subject to the discretion of correctional officials); and (4) a written statement of the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

Plaintiff does not assert that the disciplinary ticket he received for fighting was false. (Doc. 1, pp. 5-7). He does not complain that his due process rights were violated at the hearing on the ticket. *Id.* He admits that he was in a fight on July 14, 2017, and he pleaded guilty to the violation. (Doc. 1, p. 7).

Moreover, no due process protections are triggered in the first place, unless Plaintiff was deprived of a liberty or property interest that is protected by the Fourteenth Amendment. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Punishment with one month of C-grade gives rise to neither a liberty nor a property interest. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 762 n. 8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary privileges).

Segregation gives rise to a protected liberty interest only under very limited circumstances. *Hardaway v. Meyerhoff*, 734 F.3d 740 (7th Cir. 2013) (quoting *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)). Only where an inmate is confined under conditions imposing an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" will a protected liberty interest arise. *Hardaway*, 734 F.3d at 743 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). When making this determination, courts consider two factors: "the combined import of the duration of the segregative confinement *and* the conditions endured." *Id.* at 743 (citing *Marion*, 559 F.3d at 697-98) (emphasis in original)).

Punishment with a single month in segregation rarely supports a Fourteenth Amendment claim. Given that Plaintiff omits any description of the conditions he faced in segregation, the Court is unable to assess whether the conditions were sufficiently harsh to support any constitutional claim. Absent a protected liberty interest, Plaintiff was entitled to no due process protections at

the prison disciplinary hearing for the ticket he now challenges.  Count 2 shall also be dismissed without prejudice.

**Pending Motions**

1.  **Motion for Leave to Proceed** *in forma pauperis* **("IFP Motion") (Doc. 2)**

    Plaintiff's IFP Motion shall be addressed in a separate court order.

2.  **Motion for Recruitment of Counsel (Doc. 3)**

    Plaintiff's Motion for Recruitment of Counsel is **DENIED** without prejudice. Although there is no constitutional or statutory right to counsel in federal civil cases, *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010), a district court may exercise its discretion and recruit counsel for an indigent litigant.  *See* 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).  Plaintiff has filed an IFP Motion but has not yet provided the Court with sufficient information to establish his indigence.

    Assuming that he qualifies as such, the Court must consider whether the plaintiff has made reasonable attempts to secure counsel on his own.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).  If he has done so, the Court must also examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it."  *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655).

    Neither of these two requirements is satisfied.  First, Plaintiff did not demonstrate that his efforts to secure counsel were unsuccessful.  (Doc. 3, p. 1).

According to the motion, he wrote letters to attorneys. *Id.* He did not attach copies of any letters or responses to his motion. (Doc. 3). He also did not indicate whether he received any responses. *Id.* Finally, Plaintiff did not state that any attorney denied his request for representation. *Id.*

Second, Plaintiff has demonstrated his ability to prepare and file pleadings, including a coherent complaint. He clearly articulates his thoughts, despite his limited education. His claims are straightforward and do not require special expertise. Further, Plaintiff identifies no other impediments to pro se litigation, such as other language, literacy, medical, or mental health barriers. (Doc. 3).

The Motion for Recruitment of Counsel is denied without prejudice. Plaintiff may renew the motion as this case proceeds, if he believes it is necessary.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1** and **2**, and the Complaint (Doc. 1), are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendant **SHAWNEE CORRECTIONAL CENTER** is **DISMISSED** with prejudice because the Complaint fails to state a claim against the prison for relief.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a "First Amended Complaint" in this case **on or before October 30, 2017**. Should Plaintiff fail to file his First Amended Complaint within the allotted time, dismissal of this action will become with prejudice. FED. R. CIV. P. 41(b). *See*

*generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" will be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint," and he must list *this* case number (Case No. 17-00881-DRH) on the first page. To enable Plaintiff to comply with this Order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

In the amended complaint, Plaintiff must, at a minimum, name the individuals responsible for each constitutional violation as defendants in the case caption. Plaintiff must also describe the misconduct of each defendant that resulted in the deprivation of his federal constitutional rights in the statement of his claim. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits or including any other unrelated claims in his amended complaint. **Claims found to be unrelated will be further severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.**

Plaintiff is **ADVISED** that *this* dismissal shall <u>not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original Complaint, rendering the original void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Finally, the First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Digitally signed by
Judge David R. Herndon
Date: 2017.10.03
10:20:14 -05'00'

**United States District Judge**