IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AUSTIN FRAYER,
#Y19383,

Plaintiff,

vs.

SHAWNEE CORRECTIONAL
CENTER,

Defendant.                                          Case No. 17–cv–00881–DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Proceeding *pro se*, Plaintiff Austin Frayer filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 21, 2017. (Doc. 1). Plaintiff claimed that prison officials at Shawnee Correctional Center failed to protect him from an attack by his cellmate on July 14, 2017. (Doc. 1, pp. 5-7). He sought expungement of a disciplinary ticket that he was issued for fighting. (Doc. 1, p. 8). He also requested monetary relief against the defendant. *Id.*

The Complaint did not survive screening under 28 U.S.C. § 1915A, and it was dismissed on October 3, 2017. (Doc. 7, p. 8). However, the dismissal was without prejudice, and Plaintiff was granted leave to file a First Amended Complaint on or before October 30, 2017. (Doc. 7, pp. 8-9). Plaintiff was explicitly warned that the action would be dismissed with prejudice, if he failed to file an amended complaint by the deadline. *Id.* (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*,

1

34 F.3d 466 (7th Cir. 1994)). Plaintiff was further warned that he would receive a "strike" pursuant to 28 U.S.C. § 1915(g). (Doc. 7, p. 9).

Despite these warnings, Plaintiff missed the deadline for filing the First Amended Complaint. At least a week has passed since the deadline expired. Plaintiff has not requested an extension. The Court will not allow this matter to linger indefinitely. Accordingly, this action shall be dismissed with prejudice based on Plaintiff's failure to comply with an Order of this Court (Doc. 7) and failure to prosecute his claims. (Doc. 7, pp. 8-9). The dismissal will count as one of Plaintiff's three allotted "strikes" within the meaning of § 1915(g).

## **Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice**, based on Plaintiff's failure to comply with this Court's Order to file an amended complaint on or before October 30, 2017. (Doc. 7). *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The dismissal counts as one of Plaintiff's three allotted "strikes" within the meaning of § 1915(g).

**IT IS ALSO ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.11.06 13:12:32 -06'00'

**United States District Judge**